**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Mindy L. Chapman, | Case No. 25-cv-3358 (ECT/DLM) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| United States Bureau of Prisons, | |
| Respondent. | |

Petitioner Mindy L. Chapman was released from the custody of the Federal Bureau of Prisons ("BOP") on July 24, 2025. Ms. Chapman believes that she should have been released on July 16, 2025. Ms. Chapman has filed a petition for a writ of habeas corpus seeking $50,000 in monetary damages for each day that she was held in custody beyond what she believes to have been her lawful release date. That habeas petition is now before the Court on review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] As a result of that review, this Court recommends that the petition be denied and this matter dismissed without prejudice.

Although Ms. Chapman has filed a habeas petition, but she is not seeking relief available through this means. A habeas petition is a procedural vehicle through which someone in detention may ask a court to inquire into the causes of that detention and, if necessary, direct the person with custody over the petitioner to set the petitioner free. *See*

---

[1] Ms. Chapman's habeas petition is not brought under 28 U.S.C. § 2254, but the Rules Governing Section 2254 Cases may nevertheless be applied to the petition. *See* Rule 1(b).

1

*Ex parte Bollman*, 8 U.S. (4 Cranch) 75, 84 (1807); *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1995) (per curiam). But Ms. Chapman had already been freed from custody before she filed her habeas petition. Even if Ms. Chapman is correct that she had been detained for too long by the BOP, she is now free, so there is no habeas relief to grant her.[2] And the traditional retroactive remedy—monetary damages—is not available in a habeas proceeding. "Habeas corpus is for getting out of detention sooner, not for seeking compensation from the government for having wrongfully been in detention." *Marcum v. Olmsted County Health*, No. 24-CV-2655 (JWB/JFD), 2024 WL 4480248, at *1 (D. Minn. July 10, 2024) (citing *Kruger*, 77 F.3d at 1073). This does not necessarily mean that Ms. Chapman is out of luck entirely—only that a habeas petition is not the correct procedural vehicle through which to seek monetary damages on her claims for relief.

If the only problem were that Ms. Chapman had labeled her pleading as a habeas petition when it should have been filed as something else, then this Court would ask Ms. Chapman if her petition could be reconstrued as the correct kind of pleading and proceed accordingly. *See Spencer v. Haynes*, 774 F.3d 467, 471 (8th Cir. 2014). There would be hurdles to Ms. Chapman obtaining relief in this action regardless of how her pleading might

---

[2] Ms. Chapman remains "in custody" for purposes of the habeas corpus statutes because she is on supervised release following her conviction. *See, e.g.*, *Francis v. Maloney*, 798 F.3d 33, 37 (1st Cir. 2015); *United States v. Dohrmann*, 36 Fed. App'x 879, 880 (9th Cir. 2002) (per curiam). Ms. Chapman does not allege, however, that she is in danger of her term of supervised release being carried out for longer than is required by law; nor does she seek a sooner end to her supervised release as a remedy. Even if she had, this Court would almost certainly not be the venue in which to seek that remedy, as Ms. Chapman's term of supervised release is not being carried out in Minnesota. *See* 28 U.S.C. § 2241(a) (granting power to issue writ of habeas corpus to judges and courts only "within their respective jurisdictions").

be construed. Ms. Chapman could not seek monetary relief from the BOP pursuant to *Bivens*, because a claim under *Bivens* can only be brought against the specific person or persons responsible for the alleged violation of constitutional rights, not against an agency. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994). The BOP would also be an inappropriate defendant to any action brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), which can be maintained only as to the United States itself, not as to a specific agency, *see Meyer*, 510 U.S. at 476-77. Moreover, any claim under the FTCA could only be brought by Ms. Chapman after her claim for monetary damages had been presented to the BOP and the BOP had denied that claim. *See* 28 U.S.C. § 2675(a). Given the recency of the events at issue, it is extraordinarily doubtful that this fair presentation has occurred.[3] Finally, even if Ms. Chapman *had* named an appropriate defendant, it is not obvious that the lawsuit would have been filed properly, it is not entirely clear that the District of Minnesota would be the appropriate venue for this litigation. Ms. Chapman does not allege that any of the events at issue in this action took place in Minnesota, and although 28 U.S.C. § 1391(e)(1) permits a plaintiff to bring an action against the United States in the judicial district where the plaintiff resides (even if the events at issue did not take place there), Ms. Chapman does not appear to reside in Minnesota, either.

---

[3] Ms. Chapman alleges in her habeas petition that, while she was incarcerated, she presented to the BOP her claim that she should be released from prison sooner than the BOP was then calculating. Any tort claim, however, would not have accrued until the allegedly false imprisonment took place, and therefore any fair presentation of the tort claim to the BOP cannot have occurred prior to that period of false imprisonment.

In short, Ms. Chapman is not seeking habeas corpus relief. Her habeas corpus petition should therefore be denied. Because any reinterpretation of Ms. Chapman's habeas petition as being something else would be futile, it is further recommended that this action be dismissed—though without prejudice, so that Ms. Chapman may still bring the correct kind of claim in the correct kind of pleading against the correct defendant or defendants in the correct venue.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. The petition for a writ of habeas corpus of petitioner Mindy L. Chapman (Doc. 1) be DENIED.

2. This action be DISMISSED WITHOUT PREJUDICE.

Dated September 26, 2025        _s/Douglas L. Micko_____
                                Douglas L. Micko
                                United States Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).